### LAWRENCE DAVENPORT v. THE STATE.

No. 11379. Delivered March 7, 1928.

Rehearing denied April 18, 1928.

**1.—Murder—Evidence—Supports Verdict With Death Penalty.**

Where, on a trial for murder, the confession of his guilt made by appellant, corroborated by many cogent circumstances, shows an atrocious murder, committed in the perpetration of robbery and an attempted outrage of a woman, this evidence is sufficient to support a verdict inflicting the death penalty.

**2.—Same—Continued.**

On rehearing, a very careful re-examination of this record but confirms the opinion expressed in our original disposition of this case. While the identification of the appellant by the eye-witness to the homicide was not conclusive, other facts and circumstances and the oral and written confession of appellant removes every reasonable doubt as to his guilt, and the motion for rehearing must be overruled.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—A death penalty was assessed against appellant for the murder of O. F. Foster.

The evidence is claimed to be insufficient.

The grave penalty assessed has caused us to carefully review the statements of facts. Deceased, with a lady companion, Miss Phillips, was riding on the streets of Houston at night when a negro jumped upon the running board of their car and told them to "stick 'em up." After robbing deceased of three dollars in money, he then attempted to pull Miss Phillips from the car, whereupon deceased interfered and was hit over the head with the barrel of a pistol. The negro again attempted to pull Miss Phillips from the car and was again interfered with by deceased, who started to chase the negro away when he was shot. A cartridge of a peculiar and unusual caliber 32-765, was found at the scene of the killing. It was shown that a negro attempted to hold up a couple subsequent to the above killing when a pistol was taken from him by the assaulted party and in a scuffle a shot was fired, and that the negro ran off. An ambulance was heard to come and in a little while the appellant was seen by the assaulted party at a hospital with a bullet wound in his leg. The pistol taken from this negro was shown to have in it cartridges of the exact caliber as that found at the scene of the killing of Foster. A witness testified that this pistol was one that had belonged to appellant. Appellant orally confessed to the officers that he was near the scene of the killing, sitting on a paint bucket under some trees, and that he there lost a knife, describing it. The officers went to the point mentioned

by appellant and there found the paint bucket and knife, and the knife was thereafter identified positively as having been one taken from witness Byrd by appellant a little while before the killing. Deceased was shown to have been shot with a small caliber bullet described by the undertaker as one that would about fit the cartridge found near the scene of the crime and a round abrasion or skin wound was found on the forehead of deceased which fit approximately the end of the gun barrel shown to have been owned by appellant and with which it is claimed he struck deceased. Appellant signed a written confession which was vigorously attacked in the trial as not having been freely and voluntarily given, which issue, however, was submitted to the jury under appropriate instructions. This confession shows the guilt of appellant. Appellant was unsatisfactorily identified by witness Miss Phillips and her testimony is under vigorous attack on this appeal. We think there is sufficient testimony to identify the appellant as the slayer of deceased without her evidence as to identity.

No brief is on file for appellant but we have carefully examined his bills of exception. Practically all of them are insufficiently drawn and present no question for review. The serious character of the penalty, however, has caused us to try to reconstruct such bills so as to reflect correctly the action of the trial judge and ascertain, if possible, whether or not such material and prejudicial matters occurred as would have likely caused an improper verdict to be rendered. None of them, in our opinion, show such error as would demand a reversal, even if we supply omitted matters so that same might be considered.

Believing that the evidence is sufficient and that no errors are shown in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the evidence in this case is not sufficient to support the verdict; also that the court erred in paragraph 6 of his charge; also in his charge relative to the admission of evidence of other offenses; also in rejecting testimony as to the custom of officers of Harris County to secure confessions by so-called third-degree methods.

We have carefully reviewed the testimony in the light of the able oral presentation of this motion. We are unable to assent to the contention that the jury were without support in their verdict. By a well connected series of circumstances appellant was shown to be the perpetrator of the crime, in addition to the identification made by an eye-witness. This homicide was committed at night, and it was shown that the party who did the killing was a negro who had a handkerchief partly concealing his face and his cap pulled low on his forehead. Naturally the young woman companion of deceased who was attacked by the slayer, in conjunction with the killing, would be tremendously excited and her identification by means of the eyes, appearance, etc., should be examined with care. If the fact that appellant was the guilty party depended solely upon the identification by this young woman, we should have much hesitation in affirming the case. Aside from the confession of appellant, it was in testimony that he told the officers at the time he made his written confession, that he lost a knife near the scene of the homicide; that he had been sitting upon an overturned paint bucket, between two big trees, shortly before he lost his knife. He described the place where the paint bucket was and where he lost his knife. The officers went at once, and from his description found the place and found the overturned paint bucket and a knife. This knife was shown to be one which had been taken by appellant from another party. The bullet that inflicted the wound, and the shell, all fitted a pistol of foreign make shown to have been identical with the one belonging to appellant. There were other strong circumstances of identification. We deem the evidence sufficient.

We are not in accord with appellant's attack upon paragraph 6 of the court's charge. While said paragraph is in a sense disconnected, and would be less open to objection if it appeared in some other part of the charge, still we do not think its insertion at the place it was, and in the connection it appears, made it a charge on the weight of the testimony.

Reverting to the court's charge restricting the purpose for which evidence of other offenses was admitted, we observe that the jury were told: "And in respect thereto you are charged that such evidence was admitted solely for the purpose of or not affecting the credibility of the defendant as a witness, and you will consider the same for no other purpose, and it is for you to say whether or not such evidence does affect the credibility of the defendant as a witness." While it is customary in such charges to tell the jury that evidence of this character is

admitted solely for the purpose of affecting, if the jury believe it does affect, the credibility of appellant as a witness, etc., we do not believe the phraseology of the charge as given such as to be capable of injury to the accused.

Bill of exceptions No. 4, taken to the rejection of testimony of witness Shelly, does not present error. From same it appears that appellant's counsel was beginning a question, which was deemed by the state incompetent, and objection was made. The trial judge stated that it was certainly a matter that would not be proper in this case. To this the appellant excepted. We have no means of knowing what question appellant's counsel proposed to ask, for same is not set out in the bill, nor is the expected answer of the witness set out.

We have tried to give each complaint of the accused that careful attention that a case involving the death penalty should receive at the hands of the courts.

Being unable to agree with any of the positions taken, the motion for rehearing will be overruled.

*Overruled.*